SENATE COMMITTEE ON ORGANIZATION Legislature
You request my opinion as to the constitutionality of sec. 356 of Senate Bill 720 (1977) and the amendment to sec. 356 contained in Senate Amendment 3 to Senate Bill 720. Senate Bill 720 would merge the two trial courts of record in this state into a single level trial court. Section 356 of such Bill would preclude a member having *Page 135 
received retirement credit from service as a justice, judge or court commissioner from receiving annuity payments from the Wisconsin Retirement Fund (WRF) or Milwaukee County Retirement System (MCRS) while serving as a justice, judge or court commissioner.
Section 757.225, Stats., which would be created by sec. 356 of Senate Bill 720 states as follows:
 ANNUITY RESTRICTIONS. Any public employe retirement system to which the state or any political subdivision of the state has contributed on behalf of a person for service as a justice, judge or court commissioner shall temporarily suspend any annuity payments being made to the person during the time the person is serving as a justice, judge or court commissioner, and any annuity payments which are affected by this section shall be permanently forfeited without any right to payment at a later date. Annuity payments which have been temporarily suspended under this section shall be reinstated after a person ceases to serve as a justice, judge or court commissioner. The homerule provisions for the retirement system created by chapter 201, laws of 1937, as established by chapter 405, laws of 1965, do not apply to this section."
The section applies to members of the WRF and MCRS who have service credit as a justice, judge or court commissioner regardless of the period of such service. All annuity payments are forfeited (without right of recovery) during later service as a justice, judge or court commissioner even though the majority of annuity could result from service credits as an employe or elected official other than a justice, judge or court commissioner. Annuity payments are forfeited only as a result of service as a justice, judge or court commissioner.
It is my opinion that proposed sec. 757.225, Stats., as set forth in sec. 356 of Senate Bill 720 would, if enacted, violate the rights of those whose annuity payments were suspended to equal protection of the laws as guaranteed by thefourteenth amendment to the U.S. Constitution and Wis. Const. art. I, sec.1.
The standard of review and burden of proof falling upon a challenger of a statute are set forth at pp. 146-147 of Weiner v.J. C. Penney Co., 65 Wis.2d 139, 222 N.W.2d 149 (1974), in these words: *Page 136 
 "Before evaluating these contentions it is first necessary to set forth the standard of review applicable to equal protection claims arising under the fourteenth amendment to the United States Constitution and art. I, sec. 1, of the Wisconsin Constitution. As this court has stated many times, both amendments guarantee the same individual rights and impose the same restrictions on the legislature.
 "Legislation regulating economic and fiscal affairs enjoys a presumption of constitutionality. As stated in Simanco, Inc. v. Department of Revenue:
 "`Only if a challenger can show that the classification is arbitrary and has no reasonable purpose or relationship to the facts or a justifiable and proper state policy will a legislative classification fall on the grounds of a denial of equal protection. [Citations omitted.]'
"***
 "In State ex rel. Ford Hopkins Co. v. Mayor, as noted by plaintiffs, the court enumerated five standards pertaining to statutes attacked on equal protection grounds:
 "(1) All classifications must be based upon substantial distinctions which make one class really different from another.
 "(2) The classifications adopted must be germane to the purpose of the law.
 "(3) The classifications must not be based upon existing circumstances only. They must not be so constituted as to preclude additions to the numbers included within a class.
 "(4) To whatever class a law may apply, it must apply equally to each member thereof.
 "(5) The characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.
 "However, in State ex rel. La Follette v. Reuter
the court held that before a statute will be held unconstitutional for *Page 137 
violating these standards, the attacker must meet a very heavy burden of proof and persuasion:
 "`. . . to declare an act of the legislature as to a classification violative of the equal-protection clause, it is first necessary to prove that the legislature has abused its discretion beyond a reasonable doubt."'
In State ex rel. La Follette v. Reuter, 36 Wis.2d 96, 109,153 N.W.2d 49 (1967), the court quoted from an earlier case which considered the matter of legislative classification, Kiley v.Chicago, M. St. P. Ry. Co., 142 Wis. 154, 159, 125 N.W. 464
(1910):
 "`. . . no court is justified in declaring classification baseless unless it can say without doubt that no one could reasonably conclude that there is any substantial difference justifying different legislative treatment. . . .'" (Emphasis by the court.)
The classification embodied in proposed see. 757.225, which limits the effect to justices, judges or court commissioners, in my view lacks any legitimate basis.
The apparent purpose of see. 757.225, Stats., is to prevent a sitting judge from receiving a state or municipal retirement annuity at the same time as he receives a salary. While this clearly constitutes regulation of an area of legitimate legislative concern, I find no rational basis for applying the prohibition solely to judges as a class. A former district attorney, for example, is not precluded from receiving a public retirement benefit while sitting as a justice, judge or court commissioner. Nor is a justice, judge or court commissioner precluded from receiving the retirement annuity while serving as a state appointed or elected official or employe other than a justice, judge or court commissioner.
I can perceive of no fact situation which would cause the courts to conclude that application of the prohibition solely to justices, judges and court commissioners constitutes other than an arbitrary classification prohibited by the equal protection clauses of the U.S. and Wisconsin Constitutions. Proposed sec. 757.225 violates four out of the five standards set forth inState ex rel. Ford Hopkins Co. v. Mayor, 226 Wis. 215,276 N.W. 311 (1937), as quoted in Weiner v. J. C. Penney, supra. Applying standard (1), I see no substantial distinction between justices, judges and court commissioners in *Page 138 
comparison with other elected officials which would support the classification. Standard (2) specifies that "classifications adopted must be germane to the purpose of the law." Limiting the application of the prohibition to justices, judges and court commissioners seems to be the antithesis to such purpose. The proposed statute is violative of standard (4) which requires that the law apply equally to each member of the class. For example, consider two judges at retirement age with credit in a covered retirement system — one who retires commences receiving a retirement benefit based on his then age and thereafter becomes a sitting judge and the other who doesn't elect to retire before again becoming a sitting judge. The first judge upon again becoming a sitting judge would under sec. 757.225 "permanently forfeit" his annuity benefit during the period of his service "without any right to payment at a later date." The second judge not having started on annuity would lose nothing since when he finally retires, he will have his benefit computed on his age at that time. The proposed law does not apply equally to the two judges since the first judge loses the value of the annuity payments withheld during the period he again served as a judge. Finally, standard (5) requires that the characteristics of each class must be different from those of the other classes so as to suggest the propriety of different legislation. Here the intended evil to be suppressed does not suggest that the public interest is in any way served by singling out judges as the only class subjected to the limitation. I conceive of no valid distinction between judges and other state officers and employes which would support the distinction in treatment of proposed sec. 757.225, Stats.
I have concentrated upon the equal protection question as the basis for this opinion since equal protection involves the total spectrum of justices, judges and court commissioners, present and future. The proposed legislation does, however, in the case of specific individual justices, judges and court commissioners also offend the prohibition against impairment of contracts of Wis. Const. art. 1, sec. 12. Elected officials and employes have vested or contractual rights in the statutory retirement systems. See sec. 41.21 (2), Stats., as to the WRF and sec. 6 of ch. 326, Laws of 1957, as to the MCRS. Withholding or diminishing the retirement annuity after retirement as set forth in proposed sec. 757.225, Stats., would probably in a number of specific cases impair the member's vested or contractual rights. *Page 139 
Senate Amendment 3 to Senate Bill 720 would delete the original proposed sec. 757.225, Stats., and substitute therefor the following language:
 "SALARY RESTRICTIONS. Any person commencing a new term of office on or after the effective date of this act (1977) who receives compensation for service as a justice, judge or court commissioner under s. 20.923, and who is also receiving annuity payments from a public employe retirement system to which the state or a political subdivision of the state has contributed in behalf of the person for service as a justice, judge or court commissioner, shall have the compensation authorized under s. 20.923 reduced by the amount of such annuity payments received. This section does not apply to compensation for reserve judges authorized under s. 753.075."
This new proposed sec. 757.225, Stats., would require the reduction of the salary of the justice, judge or court commissioner by the amount of the annuity received. Other conditions are basically the same. The salary reduction is applicable only to a justice, judge or court commissioner and is conditioned upon annuity payments based upon service as a justice, judge or court commissioner. No reduction is required while serving in any other state office nor is the reduction required if the annuity resulted solely from service other than as a justice, judge or court commissioner. The proposed section singles out the judiciary and applies a penalty to persons whose service is related to the judicial function of government while exempting from the penalty other nonjudicial officials of similar stature. While there is a strong presumption of constitutionality which attaches to an act of the legislature, such presumption is rebutted if no facts can reasonably be conceived that would sustain the presumption. Weiner, supra, p. 147. I conceive of no legitimate basis which would support the singling out of the judiciary in this manner. It is, therefore, my opinion that the classification in the latter proposed sec. 757.225, Stats., is violative of the equal protection guarantees of the U.S. and Wisconsin Constitutions.
BCL:WMS *Page 140